IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 93-0142-WS |
| | ) | |
| LORENZO LEE, | ) | |
| | ) | |
|     **Defendant.** | ) | |

## ORDER

This matter is before the Court on the defendant's "motion to vacate sentence enhancement for lack of subject matter jurisdiction." (Doc. 239).

The defendant was originally sentenced in December 1993 to a term of life imprisonment. (Doc. 98). On direct appeal, the Eleventh Circuit remanded the defendant's sentencing in order for Judge Vollmer to make further findings as to the reliability of certain hearsay testimony by fugitive co-conspirator Steve Russell and to then, on the basis of such findings, "make specific findings as to the *amount* of drugs attributable to Lee in view of this evidence." *United States v. Lee*, 68 F.3d 1267, 1275-76 (11th Cir. 1995) (emphasis in original). In February 1996, Judge Vollmer again sentenced the defendant to life in prison. (Doc. 137). In January 1998, the Eleventh Circuit affirmed. (Doc. 148). The defendant did not petition the Supreme Court for writ of certiorari.

The defendant filed a motion to vacate in January 1999. (Doc. 157). Judge Vollmer denied the motion in April 2001. (Doc. 180). The defendant appealed, but the Eleventh Circuit denied his application for a certificate of appealability, (Doc. 192), effectively ending his collateral attack. The defendant later filed successful motions to reduce sentence following adoption of Amendments 706 and 750 to the Sentencing Guidelines, such that his sentence now is 292 months. (Docs. 203, 217, 237).

At the defendant's original sentencing, Judge Vollmer "found that Lee was the leader and organizer of an offense which involved five or more people, requiring a four

level increase." *Lee*, 68 F.3d at 1275. According to the defendant's instant motion, this finding was based on the same hearsay testimony that formed the basis of his appeal. According to the defendant, on re-sentencing the government did not present this hearsay testimony and Judge Vollmer did not rely on it in re-calculating the amount of drugs attributable to the defendant. But, according to the defendant, Judge Vollmer did not revisit his finding as to the enhancement, so it continues to be based on hearsay testimony the reliability of which has not been satisfactorily determined. The defendant concludes that this testimony had been "excluded" by the Eleventh Circuit and therefore "was not part of the factual record in this case," such that there was no "factual basis" for finding the enhancement applied.

Assuming, for purposes of argument only, that the enhancement was in fact based on Russell's testimony, the defendant's motion still fails on multiple levels. First, the defendant did not appeal the enhancement. Instead, he argued on appeal only "that the district court erred in calculating the amount of drugs attributable to [him] for purposes of computing the applicable guideline sentence." *Lee*, 68 F.3d at 1274. Unsurprisingly in light of this limited appellate issue, the Eleventh Circuit remanded only "for the district court to make specific factual findings with respect to the amount of drugs attributable to each defendant." *Id*. at 1276. The Eleventh Circuit left the enhancement finding intact, and Judge Vollmer was not obligated to unilaterally revisit that finding on remand, especially absent a request from the defendant that he do so.[1] Therefore, he could not have committed error in not revisiting the enhancement.

Second, the defendant's motion is on its face a motion to vacate under Section 2255. Such a motion must be brought within one year of "the date on which the

---

[1] *See, e.g., United States v. Tamayo*, 80 F.3d 1514, 1519 (11th Cir. 1996) ("Although Tamayo's original sentence was vacated, clearly the entire sentencing package was not to be revisited on remand because the *Tamayo I* panel limited his resentencing to the sole issue of whether the unadjudicated *nolo contendere* disposition qualified as a diversionary disposition under *Rockman* for inclusion in his criminal history.").

judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).[2] The defendant's conviction and sentence became final in April 1998,[3] and his motion was not filed until 2012, some 14 years later. It is therefore woefully late.

Anticipating this objection, the defendant notes that "[l]ack of subject matter jurisdiction can be raised at any time" and declares that "the non-use of an enhancement for which the factual basis had been excluded by the Court of Appeals was also mandatory and jurisdictional." (Doc. 239 at 3). However, "[t]he one-year limit applies even though [the petitioner's] new claim is an attack on the district court's jurisdiction." *Williams v. United States*, 383 Fed. Appx. 927, 929 (11th Cir. 2010).[4] The defendant's motion is plainly time-barred.

Finally, because the defendant has previously pursued a motion to vacate, his present motion to vacate is necessarily a "second or successive motion." 28 U.S.C. § 2255(h). Such a motion cannot be pursued unless the defendant first obtains authorization from the Eleventh Circuit. *Id*. Because the defendant has not obtained such authorization, his motion must be dismissed for lack of subject matter jurisdiction. *Franqui v. Florida*, 638 F.3d 1368, 1375 (11th Cir. 2011).

---

[2] In narrow circumstances, the one-year period can run from a later date. 28 U.S.C. § 2255(f)(2)-(4). The defendant does not claim that any of these circumstances are in play here, and they plainly are not.

[3] *Clay v. United States*, 537 U.S. 522, 532 (2003).

[4] Under Section 2255, a federal prisoner "claiming the right to be released upon the ground that … the court was without jurisdiction to impose such sentence … may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "A 1-year period of limitation shall apply to a motion under this section." *Id*. Section 2255(f). Since a motion based on lack of jurisdiction is "a motion under this section," it is necessarily subject to the one-year limitations period. *Williams*, 383 Fed. Appx. at 929; *accord United States v. Scruggs*, ___ F.3d ___, 2012 WL 3517367 at *5 (5th Cir. 2012); *Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008); *United States v. Hale*, 2010 WL 2105141 at *10 n.19 (S.D. Ala. 2010).

For the reasons set forth above, the defendant's motion to vacate is **dismissed**. Because reasonable jurists would not find this procedural ruling debatable,[5] a certificate of appealability of this ruling is **denied**.

DONE and ORDERED this 27th day of August, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).